IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CHAD RHOADES and LUIS URBINA,   )
                                )
          Plaintiffs,           )   2:10-cv-00763-GEB-KJM
                                )
     v.                         )   ORDER GRANTING MOTION TO
                                )   REMAND
PROGRESSIVE CASUALTY INSURANCE CO.,)
INC.,                           )
                                )
          Defendant.            )
                                )
```

        Plaintiffs move to remand this case to Sacramento County Superior Court from which Defendant removed it. This case was removed under the Class Action Fairness Act of 2005 ("CAFA"). CAFA "vests district courts with 'original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(2)).

        Plaintiffs argue Defendant has not satisfied its burden of showing that the amount in controversy exceeds the sum of $5,000,000. Defendant "bears the burden of establishing . . . jurisdiction" under

1

1 | CAFA.  <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 686 (9th Cir.
2 | 2006).
3 |       Plaintiffs allege in their "class action complaint" that the
4 | members of the putative class were "employed in the State of
5 | California by the Defendant[] to adjust insurance claims and their
6 | positions were known as 'Claims Adjuster,' 'Claims Generalist
7 | Associate,' or similar titles" "during the past four (4) years."
8 | (Compl. ¶ 6.)
9 |       After removal, Plaintiffs filed their first amended
10 | complaint in which they include the allegation: "Plaintiff is further
11 | informed and believes, and based thereupon alleges, that because the
12 | individual members of the classes herein have sustained damages under
13 | the seventy-five thousand dollar ($75,000.00) jurisdictional threshold
14 | and that the aggregate claim is under the five million dollar
15 | ($5,000,000.00) threshold, removal under the CAFA would
16 | be improper." (First Amended Complaint ¶ 5.)  Plaintiffs argue in
17 | their remand motion that their first amended complaint should be
18 | considered when determining whether the amount in controversy is
19 | satisfied. However, Plaintiffs' "amended complaint . . . may not be
20 | considered . . . in determining whether the suit was removable."
21 | <u>Thiel v. Southern Pac. Co.</u>, 126 F.2d 710, 712 (9th Cir. 1942).
22 | Rather, "whether [this] suit was removable . . . must 'be determined
23 | according to [Plaintiffs'] pleading at the time of the petition for
24 | removal.'"  <u>Id.</u> (quoting <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537
25 | (1939) (emphasis added)).
26 |       Plaintiffs' original complaint does not specify the amount
27 | of damages sought. "Where the complaint does not specify the amount
28 | of damages sought, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) ("We have since applied the preponderance holding in Sanchez to complaints filed under . . . [CAFA] that do not specify a particular amount in controversy.").

Defendant's opposition to Plaintiffs' remand motion cites to information in Plaintiffs' original complaint about Plaintiffs' claims and concludes the information shows Plaintiffs seek $2,215,476.00 for waiting time claims, $1,388,551.50 for inaccurate wage statements, and $707,889.00 for penalties, totaling $4,311,916.50. (Opp'n 10:10-11:3). Defendant also seeks to enlarge this amount by using the allegation in Plaintiffs' first amended complaint that each class member averaged two to five hours of overtime per week. However, Plaintiffs' amended complaint may not be considered in determining whether the case was removable. Since defendant has no other evidence satisfying the jurisdictional amount requirement, Plaintiffs' remand motion is granted. Therefore, this case is remanded to Sacramento County Superior Court from which it was removed.

Dated: June 9, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3