IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD RHOADES and LUIS URBINA, on
behalf of themselves and all
others similarly situated,

                    Plaintiffs,

          v.

PROGRESSIVE CASUALTY INSURANCE
COMPANY, INC., an Ohio
Corporation, and Does 1 through
100, inclusive,

                    Defendants.
_____

2:10-cv-0763-GEB-KJN

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS IN PART AND
DENYING IN PART AND DENYING
DEFENDANT'S MOTION TO STRIKE[*]

          Defendant Progressive Casualty Insurance Company, Inc. moves
for dismissal of Plaintiffs' First Amended Complaint ("FAC") under
Federal Rule of Civil Procedure ("Rule") 12(b)(6), based on the argument
that the FAC fails to allege facts sufficient to state viable claims.
Defendant also moves under Rule 12(f) for an order striking from the FAC
class allegations and a class definition. Plaintiffs Chad Rhoades and
Luis Urbina oppose the motion. For the reasons stated below, Defendant's
motion to dismiss is granted in part and denied in part. Defendant's
motion to strike is denied.

_____

          [*]    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

# I. LEGAL STANDARD

To avoid a Rule 12(b)(6) dismissal, a plaintiff must allege "enough facts" to show that "a claim to relief . . . is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, --- F.3d ----, 2010 WL 5141247, at *3 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

///

## II. FACTUAL ALLEGATIONS IN FAC

Plaintiffs filed this case as a "class action complaint" in Sacramento County Superior Court. The case was removed, following which Plaintiffs filed their FAC. Plaintiffs allege in their FAC that they and the members of a putative class were "employed in . . . positions . . . known as, 'Claims Adjuster,' 'Claims Generalist Associate,' or similar titles" during the past four years. (FAC ¶¶ 2, 6.) Plaintiffs and members of the putative class were allegedly "not paid overtime wages for all hours worked" and were not "provided accurate itemized wage statements." Id. ¶ 1.

Plaintiffs allege five claims: (1) failure to pay overtime wages in violation of California Labor Code sections 1194 and 1198, IWC Order 4-2001; (2) failure to timely pay wages due at termination ("waiting time penalties") in violation of California Labor Code sections 201-203; (3) illegal record keeping in violation of California Labor Code section 226; (4) unfair business practices in violation of California Business and Professions Code sections 17200, *et seq.*; and (5) statutory penalties in violation of California Labor Code sections 2698, *et seq.*. Id. ¶¶ 22-55.

### III. DISCUSSION

### A. MOTION TO DISMISS

Defendant argues Plaintiffs' claims should be dismissed since they fail to meet the minimum pleading standards under Rule 8. (Mot. to Dismiss ("Mot.") 15:4-5.) Plaintiffs counter their claims are adequately pled and seek leave to amend should Defendant's motion be granted. (Opp'n to Mot. to Dismiss ("Opp'n") 12:28-13:9.)

///

///

### 1. Unpaid Overtime

Defendant argues Plaintiffs' overtime claim fails to "allege employer knowledge, which is [a] . . . required element[] of [Plaintiffs'] claim." (Reply to Pls.' Opp'n ("Reply") 4:1-2.) However, the cases on which Defendant relies in support of this argument are inapplicable since they address different statutes than those involved with Plaintiffs' overtime claim. Id. 4:3-12. Plaintiffs allege Defendant failed to pay overtime in violation of California Labor Code sections 1194 and 1198 and IWC Order 4-2001 as follows:

> Plaintiffs were both converted to hourly employees and deemed eligible by the company to be paid overtime compensation under applicable California law for hours worked in excess of 8 per day and/or 40 per week. Plaintiffs each worked overtime hours subject to a common policy and practice of Defendant to require advance approval. However, Plaintiffs and the proposed class would routinely be required to work overtime hours without overtime pay in that it was impossible to comply with the "advance approval" policy systematically implemented by Defendant. The nature of the job duties and assignments would require customer service be attended to as a first priority and as a consequence, overtime would be expended on a periodic basis without approval and without appropriate overtime compensation. Plaintiffs' reasonably estimate that the unpaid overtime included anywhere from 2 to 5 hours expended in a typcial [sic] workweek for which they would work without overtime compensation paid by Defendants and due to its unreasonably restrictive policies and requirements for job duties. On occassion [sic], Plaintiffs and similar employees could anticipate overtime and could request it in advance, but its approval was not regularly or routinely granted. As a result, the work still needed to be done and Plaintiffs and members of the proposed class would inevitably be required to expend overtime work hours to meet employer expectations and "eat" the time as managers portrayed it.

(FAC ¶ 23.) These allegations are sufficient to show that Plaintiffs' unpaid overtime claim is plausible on its face. Therefore, Defendant's motion to dismiss this claim is denied.

///

///

## 2. Waiting Time Penalties

Defendant seeks dismissal of Plaintiffs' second claim, in which Plaintiffs allege waiting time penalties, arguing "[n]owhere in the FAC . . . do plaintiffs allege that Progressive failed to pay them all compensation that was due at the time of termination." (Mot. 15:8-10.) Plaintiffs counter they have sufficiently alleged facts in the FAC that show a violation of California Labor Code sections 201 and 202 by alleging "employees were discharged or quit, and . . . they were not paid all earned wages within the times specified in these statutes." (Opp'n 9:19-21.)

Plaintiffs allege in their waiting time penalties claim: "Plaintiffs and/or the Members of the Plaintiff Terminated Subclass who ended their employment with the Defendants during the Class Period were entitled to be promptly paid all lawful compensation, and other premiums, as required by Labor Code § 201-203." (FAC ¶ 30.) There are no substantive factual allegations in this claim. Although the Plaintiffs allege they were entitled to prompt payment, "nowhere in the FAC do plaintiffs allege that they or anyone else was not promptly paid all compensation at the time of their termination." (Mot. 5:22-24.) Since Plaintiff Urbina is still employed, he cannot state a claim for waiting time penalties. Therefore, Plaintiff Rhoades is the only named plaintiff who could possibly state a claim for waiting time penalties and the FAC fails to "allege that Rhoades was not fully paid when he was terminated[.]" (Id. 5:25-26; FAC ¶ 6.) Therefore, Defendant's motion to dismiss this claim is granted.

## 3. WAGE STATEMENT VIOLATIONS

Defendant seeks dismissal of Plaintiffs' third claim, in which Plaintiffs allege wage statement violations. Defendant argues

"Plaintiffs have failed to specify . . . deficiencies in any wage statement they received from Progressive, and also have failed to allege any facts regarding how, if at all, they were harmed by the allegedly inadequate wage statements." (Mot. 15:18-20.) Plaintiffs counter their wage statements claim, alleged under California Labor Code section 226, "directly flow[s] from the Defendant's implementation of its overtime policy . . . and [Defendant] knows that its wage statements do not accurately list and itemize total actual work time." (Opp'n 10:23-11:1.)

However, Plaintiffs' wage statements claim does not allege, as Plaintiffs' argue, that the "wage statements do not accurately list and itemize total actual work time." <u>Id.</u> Plaintiffs allege in their wage statement claim:

> As a pattern and practice, in violation of Labor Code section 226(a), Defendants did not provide Plaintiffs or Class Members with accurate itemized wage statements in writing showing, (1) regular rate of pay, (2) number of hours worked, (3) gross wages earned, and/or (4) net wages earned by the Plaintiffs and Class Members.

(FAC ¶ 35.) Plaintiffs' wage statement claim offers nothing more than "a formulaic recitation of the elements of a cause of action[.]" <u>Iqbal</u>, 129 S. Ct. at 1949. Therefore, Defendant's motion to dismiss this claim is granted.

### 4. Unfair Business Practices and Statutory Penalties

Defendant seeks dismissal of Plaintiffs' fourth and fifth claims, in which Plaintiffs allege unfair business practices and seek statutory penalties. Defendant argues these claims "should be dismissed because they are wholly derivative of the other improperly asserted claims." (Mot. 15:26-27.) However, Plaintiffs' claim for unpaid overtime has not been dismissed. Therefore, Defendant's motion to dismiss Plaintiffs' fourth and fifth claims is also denied.

**B. MOTION TO STRIKE**

Defendant seeks to strike Plaintiffs' class action allegations, arguing they fail to meet the minimum pleading standards under Rule 8 and fail to allege an unlawful common policy, practice, or theory. (Mot. 9:21-12:17.) Defendant also seeks to strike Plaintiffs' class definition, arguing Plaintiffs' class definition is over broad, fails to meet the minimum pleading standards, and creates unascertainable "fail safe" classes. Id. 12:18-15:3.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery. Before a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.

Sanders v. Apple Inc., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citations omitted).

Defendant has not shown that its challenge to Plaintiffs' class allegations, including the class definition, should be addressed at this stage of the proceeding. Therefore, Defendant's motion to strike these allegations is denied.

**IV. CONCLUSION**

For the stated reasons, Defendant's motion to dismiss is granted in part and denied in part and Defendant's motion to strike is denied.

Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in any dismissed claim. Further, Plaintiffs are

notified that any dismissed claim may be dismissed with prejudice under Rule 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated:  February 2, 2011

GARLAND E. BURRELL, JR.
United States District Judge